FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 AUG 18  A 11: 47

U.S. DISTRICT COURT
BRIDGEPORT CONN

| | |
|---|---|
| OAK RIVER COMPANY | : |
| | : CIVIL ACTION NO. |
| Plaintiffs, | : 3:01CV2047(WWE) |
| | : |
| VS. | : |
| | : |
| MICHAEL FERRERI, INVATECH, LLC, | : |
| INVATECH ASSOCIATES & COMPANY, | : |
| INC., IT INSURANCE PROFESSIONALS | : |
| and APPLE OIL COMPANY | : |
| | : |
| Defendants. | : August 16, 2004 |

**DEFENDANTS MICHAEL FERRERI, INVATECH, LLC, INVATECH ASSOCIATES & COMPANY, INC., IT INSURANCE PROFESSIONALS' MOTION TO SET ASIDE DEFAULT FOR FAILURE TO PLEAD**

Pursuant to Fed.R.Civ.P 55(c), the defendants Michael Ferreri, Invatech, LLC, Invatech Associates & Company, Inc., and IT Insurance Professionals (collectively, "Invatech"), through counsel, hereby request entry of an order setting aside the default entered against Invatech **(Exhibit A)** for failure to comply with defendant Apple Oil Company's ("Apple Oil") discovery. As outlined below, the moving defendant has fully complied with the outstanding discovery at issue as of the date of the within motion and within the scheduling orders set forth by the court (Garfinkel, J.). **(Exhibit B)**.

I.   **RELEVANT FACTS AND BACKGROUND**

The instant action arises out of the plaintiff's attempt to recover a large sum of workers' compensation benefits paid under a policy of insurance it issued to Apple Oil. The policy of insurance at issue was procured by defendant Apple Oil with the assistance of the defendants Invatech. The issues raised in this action involve complex matters of law, multiple parties and pleadings, significant

motion practice and substantial damages.[1]

On or about May 18, 2004 the defendant Apple Oil served the voluminous discovery at issue on defendant Invatech consisting of approximately 70 interrogatories and 60 requests for document production. An extension of time up to July 18, 2004 was sought by Invatech and granted by the Court in order for counsel to prepare adequate responses to Apple Oil's discovery. The complexity of the issues in this matter required a thorough document review and consultation with Invatech to complete and review the proposed responses. Despite diligent efforts, the undersigned was unable to complete responses by the initial July 18, 2004 extension. Shortly thereafter, on August 4, 2004 partial objections were filed and a client/attorney meeting was conducted to finalize defendant Invatech's responses to discovery. Following a final review and consultation with Invatech, discovery responses complying with demands made by Apple Oil were filed on August 13, 2004 (upon receipt of Invatech's verification under oath). There was a settlement conference before this Court and the date to complete discovery was extended until December 31, 2004. Under the new scheduling order, the defendant Invatech is now in full compliance.

## II.  LAW AND ARGUMENT

Federal Rule of Civil Procedure 55(c) permits the Court to set aside the entry of default by the Clerk upon good cause shown. When deciding whether to relieve a party from default, a court should consider the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted. Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 171 (2d Cir. 2001). The Second Circuit Court of Appeals has repeatedly held that strong public policy favors resolving disputes on the merits rather than by the default. Id, at 172. The undersigned submits that the defendant's failure to file timely responses to the discovery should in no

---

[1] Upon information and belief, the plaintiff has paid approximately $500,000.00 in the underlying action to date with damages continuing to accrue.

LUSTIG & BROWN, LLP
1177 SUMMER STREET • STAMFORD, CONNECTICUT 06905 • TEL. (203) 977-7840 • JURIS NO. 416683

way be construed as a willful act. To the contrary, the moving defendant, with the assistance of counsel, worked diligently to complete the voluminous discovery at issue. There was no dilatory tactic or willfulness that can be attributed to the brief delay at issue. To the contrary, counsel worked zealously with Invatech to complete discovery in a timely fashion.

The Second Circuit has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default. *See, e.g.,* Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2nd Cir.1993); Traguth v. Zuck, 710 F.2d 90, 94 (2nd Cir.1983); Meehan v. Snow, 652 F.2d 274, 277 (2nd Cir.1981). In so doing, the Second Circuit has described default judgments as "'the most severe sanction which the court may apply." (Internal quotations and citation omitted) Securities & Exchange Comm'n v. Management Dynamics, Inc., 515 F.2d 801, 814 (2nd Cir.1975). "While courts are entitled to enforce compliance with the time limits of the Rules by various means, the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort." Meehan, 652 F.2d at 277 (citations omitted). Because there is a preference for resolving disputes on the merits, doubts as to whether default should be set aside should be resolved in favor of the defaulting party. Enron Oil Corp., 10 F.3d at 95-6. Based on the brief delay by Invatech and lack of prejudice to Apple Oil, clearly this is a case warranting the default be set aside in favor of the defaulting party, Invatech.

F.R.C.P. 55(c) states that "[f]or good cause shown the court may set aside an entry of default and, <u>if a judgment by default has been entered</u>, may likewise set it aside in accordance with Rule 60(b)."(Emphasis added). The Second Circuit has held that the standard for vacating or setting aside a default is less stringent than the standards for setting aside a default judgment. Meehan, 652 F.2d at 276-77. The less rigorous standard is consistent with the Second Circuit's philosophy that defaults are disfavored. Meehan, supra, 277. Under the less stringent standard, the defendant, Invatech, respectfully submits that it has worked vigorously to complete the voluminous discovery propounded by Apple Oil within the deadlines provided. Based on the Court's clear preference for a trial on the merits and the

complexity of issues raised in this matter, the undersigned respectfully requests the default entered in this matter be set aside prior to judgment. As outlined above, this matter involves multiple parties, sizable motion practice and voluminous discovery, only a fraction of which has been completed to date. In fact, several depositions are yet to be completed. According to the attached scheduling order **(Exhibit B)**, there are more than three months remaining to complete discovery and this matter is not set down for trial readiness until March 15, 2005. As such, there is no prejudice to the defendant, Apple Oil.

Based on the foregoing, the defendant Invatech respectfully requests entry of an order setting aside the default entered by the court (Edginton, J. 8/11/04 (D'Andrea, S.) as outlined in **Exhibit A**.

THE DEFENDANTS,
MICHAEL FERRERI, INVATECH, LLC,
INVATECH ASSOCIATES & COMPANY,
INC. & INSURANCE PROFESSIONALS

_____
Christopher B. Weldon, Esq. (ct 14128)
Darren P. Renner, Esq. (ct 15901)
Lustig & Brown, LLP
1177 Summer Street, Suite 304
Stamford, Connecticut 06905
Telephone: (203) 977-7840
Fax: (203) 977-8649

## CERTIFICATE OF SERVICE

    Pursuant to D.Conn.L.Civ.R.5, this is to certify that a copy of the foregoing has this date been mailed, postage prepaid to the following:

April Haskell, Esq.  
Montstream & May, LLP  
655 Winding Brook Drive  
PO Box 1087  
Glastonbury, CT 06033-6087  
(860) 659-1341

James J. Nugent, Esq.  
Nugent & Bryant  
236 Boston Post Road  
Orange, CT 06477  
(203) 795-1111

_____  
Christopher B. Weldon, Esq.

Lori Eaton - Summary of ECF Activity

**From:** <CMECF@ctd.uscourts.gov>
**To:** <CMECF@ctd.uscourts.gov>
**Date:** 8/13/2004 12:24:51 AM
**Subject:** Summary of ECF Activity

**Activity has occurred in the following cases:**

**3:01-cv-02047-WWE Oak River Co v. Ferreri, et al**
**Order on Motion for Default Entry 55(a)   79**

**Docket Text:**
Endorsement ORDER Granting [77] Motion for Default Entry 55(a). Motion for Default Judgment Due by 9/10/2004. Signed by Judge Warren W. Eginton on 8/11/2004. (D'Andrea, S.)



EXH A

## Other Orders/Judgments

3:01-cv-02047-WWE Oak River Co v. Ferreri, et al

U.S. District Court

District of Connecticut

Notice of Electronic Filing

The following transaction was received from Garfinkel, William entered on 7/21/2004 at 11:36 AM EDT and filed on 7/21/2004
**Case Name:** Oak River Co v. Ferreri, et al
**Case Number:** 3:01-cv-2047
**Filer:**
**Document Number:** 73

**Docket Text:**
ELECTRONIC SCHEDULING ORDER: Discovery due by 12/31/2004. Dispositive Motions due by 1/31/2005. Proposed Pretrial Order due by 2/28/2005. Trial Ready Date 3/15/2005. Counsel should contact the undersigned in the fall of 2004 to discuss resuming settlement negotiations. THIS IS THE ONLY NOTICE OF THIS ORDER THAT WILL BE ISSUED BY THE COURT. Signed by Judge William I. Garfinkel on 7/21/04. (Garfinkel, William)

The following document(s) are associated with this transaction:

**3:01-cv-2047 Notice will be electronically mailed to:**

April Haskell     ahaskell@montmaylaw.com,

Darren P. Renner     drenner@lustigbrown.com,

**3:01-cv-2047 Notice will be delivered by other means to:**

James J. Nugent
Nugent & Bryant



236 Boston Post Rd.
Orange, CT 06477-3207

John S. Scherban
Lustig & Brown-Stmfd
1150 Summer St.
Stamford, CT 06905

Christopher B. Weldon
Lustig & Brown
1150 Summer St.
Stamford, CT 06905