

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OAK RIVER COMPANY | : | CIVIL ACTION NO. |
| | : | 301CV2047 (WWE) |
| Plaintiff, | : | |
| V. | : | |
| MICHAEL FERRERI, INVATECH, L.L.C. | : | |
| INVATECH ASSOCIATES & COMPANY, INC.: | | |
| IT INSURANCE PROFESSIONALS, APPLE | : | |
| OIL, INC. | : | |
| Defendants. | : | SEPTEMBER 10, 2004 |

### APPLE OIL COMPANY'S MOTION FOR DEFAULT JUDGMENT AGAINST INVATECH DEFENDANT

The defendant Apple Oil Company respectfully moves this Court for an entry of a default judgment against Invatech Associates & Company, Inc. (hereinafter referred to as "Invatech"). Apple Oil Company's Motion for Default was granted by the Court. The Court ordered Apple Oil Company file a Motion For Default no later than September 10, 2004.

### MATERIAL HISTORICAL FACTS:

1. On May 18, 2004, Apple Oil Company served interrogatories and request

for production of documents upon Invatech, as well as all other defendants.

2. By letter dated May 24, 2004, counsel for Invatech wrote counsel for Apple Oil Company requesting a thirty (30) day extension "to file responses and/or object to this discovery."

3. By letter dated June 3, 2004, counsel for Apple Oil Company advised counsel for Invatech that he consented to a thirty (30) day extension to file responses but did not consent to an extension to file objections.

4. On June 21, 2004, Invatech moved this Court for an Extension of Time to respond to Apple Oil Company's discovery.

5. On June 29, 2004, this Court granted defendants' Motion for Extension of Time to Respond to Discovery and ordered a new deadline of July 18, 2004.

6. Invatech failed to comply with this Court's Order in any shape, manner or form and also failed to seek an additional extension of time in any shape, manner or form.

7. After waiting a reasonable period of time in case the mail was delayed, Apple Oil Company moved for a default on July 21, 2004.

8.  Surprisingly, after the time within with to respond by way of objections had LONG passed, Invatech filed untimely Objections to 40 interrogatories and 29 requests for production of documents.

9.  This Court granted said default motion on August 11, 2004, and Ordered Apple Oil Company to file its Motion for Default Judgment no later than today.

10. On August 10, 2004 and again on September 2, 2004, Invatech provided partial, incomplete responses to some of the overdue discovery.

11. The defendant Michael Ferreri who is the principal of Invatech was deposed on September 2, 2004. During said deposition, it was clear and unequivocal that defendant Invatech has not attempted to search for the documents requested in discovery. (Copies of the relevant deposition pages can be provided upon receipt from the stenographer.)

12. At said September 2, 2004, deposition, counsel for Apple Oil Company spoke to counsel for Invatech and in an effort to relieve this Court of further involvement in this discovery dispute proposed that if the objections were

withdrawn and full compliance to discovery occurred prior to September 10, 2004, Apple Oil Company would not move for judgment on the default.

13. To date, no correspondence or communication of any kind has been made by Invatech relative to the proposal made by Apple Oil Company.

14. Accordingly, this Motion for Default Judgment is filed.

15. Interestingly, this Invatech defendant has had two (2) previous defaults entered against it by this Court.

**ARGUMENT:**

On August 11, 2004, this Court Ordered a default enter against Invatech. This case reflects a long and torturous history of this defendant's delay tactics. This is underscored by the fact that this Court has now Ordered three (3) defaults against this defendant in the past two (2) years.

The Court entered this third default for failure to respond in any manner to discovery. Even after this Court granted this defendant additional time to respond to the discovery, this defendant did not provide any time of compliance until after a motion for default was filed. Even then, Invatech filed untimely objections. F.R.C.P. 33(b)(3) and

(4) clearly state that all grounds for objection to an interrogatory shall be stated with specificity within 30 days after service of the interrogatories. F.R.C.P. 33(b)(4) states any objection not stated in a timely manner is waived.

It is disingenuous for Invatech to raise objections on August 4, 2004 to discovery dated May 18, 2004. It is further disingenuous for Invatech to attempt to partially comply to discovery when it is evident through Mr. Ferrari at his deposition that he has not looked for closed files on the subject matter in which discovery was propounded and sought.

It is a further sign of dilatory tactics that no communication of any nature has been attempted by Invatech since September 2, 2004, relative to Apple Oil Company's proposal to withdraw the objections and fully comply. In an anticipation of Invatech attempting to raise any misunderstanding as to what was required of it, it is clear from the court's file that no withdrawal of objections were ever filed, and not surprisingly, no further compliance of any nature has been forthcoming. As such, Apple Oil Company withdraws its proposal and seeks this default judgment.

This default did not enter on account of inexcusable neglect or wilfull misconduct. Brian v. Kallman Industries, 71 F. 3d 1073 (2d Cir. 1995); SEC v. McNulty, 137 F. 2d

732 (2d Cir. 1998). A default motion (which was not granted) was filed after the time within which to file compliance originally passed. This Court applied its discretion and allowed an untimely motion for extension of time to respond and/or object to the discovery. Invatech was then granted an additional thirty (30) days. Once again, no compliance or objections of any nature were filed. Only after waiting until the additional time to comply passed, and only after a second motion for default was filed, did Invatech surprisingly raise untimely objections. This Court was not amused and accordingly Ordered a default enter. Even after the default entered, Invatech did not avail itself in any manner to Apple Oil Company's proposal to withdraw the objections and fully comply to the discovery. There is simply no neglect or misconduct of any nature that can be claimed with a straight face in support of an argument that this default judgment should not enter.

Similarly, Apple Oil Company has been prejudiced. This litigation has costs Apple Oil Company substantial money. The cost of defending this action is increased by the necessity of preparing, filing, reviewing, calendaring and opposing numerous motions and correspondence all as a result of Invatech's failure to litigate this matter in accordance with the rules that apply. The case has been pending for years. Apple Oil Company has a

right to timely gather information and prepare its defenses as contemplated and regulated by the Federal Rules of Civil Procedure and this Court's orders, and not by the whim of Invatech.

## CONCLUSION:

This Court should Order a Default Judgment enter against the defendant.

THE DEFENDANT
APPLE OIL COMPANY

BY: _____
JIM NUGENT
ct#05792
236 Boston Post Road
Orange, CT 06477
(203) 795-1111

## ORDER

The foregoing Motion for Default Judgment having been heard /considered, it is hereby ORDERED:

**GRANTED / DENIED.**

BY THE COURT

_____                    _____
Date

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing has been mailed postage pre-paid first class to:

April Haskell, Esq.
Montstream & May, L.L.P.
P.O. Box 1087
Glastonbury, CT 06033-6087

Christopher Weldon, Esq.
Dana P. Renner, Esq.
Lustig & Brown, L.L.P.
1177 Summer Street
Stamford, CT 06905

**September 10, 2004**
Date

Jim Nugent