UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| OAK RIVER COMPANY | : |
| | : CIVIL ACTION NO. |
| Plaintiff, | : 3:01CV2047(WWE) |
| | : |
| vs. | : |
| | : |
| MICHAEL FERRERI, INVATECH, LLC, | : |
| INVATECH ASSOCIATES & COMPANY, | : |
| INC., IT INSURANCE PROFESSIONALS | : |
| and APPLE OIL COMPANY | : |
| | : |
| Defendants. | : October 28, 2004 |

## MOTION TO COMPEL

Pursuant to F.R.C.P.37(a)(2) and D.Conn.L.Civ.R.37(a), the defendants Michael Ferreri, Invatech, LLC, Invatech Associates & Company, Inc., and IT Insurance Professionals (collectively, "Invatech"), hereby move for an Order compelling plaintiff to fully respond to Invatech's October 29, 2003 Interrogatories and Request for Production. In particular, Invatech seeks full and complete disclosure with respect to interrogatory no. 3 and those requests for production numbered 1, 3, 4 and 10.

Pursuant to D.Conn.L.Civ.R. 37(a)(2), attached hereto is an affidavit from the undersigned counsel outlining the good faith efforts undertaken by Invatech to resolve these discovery issues.

**WHEREFORE**, the undersigned respectfully requests that this motion be granted.

THE DEFENDANTS,
MICHAEL FERRERI, INVATECH, LLC,
INVATECH ASSOCIATES & COMPANY,
INC., IT INSURANCE PROFESSIONALS

_____
Darren P. Renner, Esq. (ct 15901)
Christopher B. Weldon, Esq. (ct 14128)
Lustig & Brown, LLP
1150 Summer Street
Stamford, Connecticut 06905
Telephone: (203) 977-7840
Fax: (203) 977-8649

## CERTIFICATE OF SERVICE

Pursuant to D.Conn.L.Civ.R.5, this is to certify that a copy of the foregoing has this date been mailed, postage prepaid to the following:

April Haskell, Esq.
Montstream & May, LLP
655 Winding Brook Drive
PO Box 1087
Glastonbury, CT 06033-6087

James J. Nugent, Esq.
Nugent & Bryant
236 Boston Post Road
Orange, CT 06477

_____
Darren P. Renner, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **OAK RIVER COMPANY** | : |
| | : CIVIL ACTION NO. |
| Plaintiff, | : 3:01CV2047(WWE) |
| | : |
| vs. | : |
| | : |
| **MICHAEL FERRERI, INVATECH, LLC,** | : |
| **INVATECH ASSOCIATES & COMPANY,** | : |
| **INC., IT INSURANCE PROFESSIONALS** | : |
| **and APPLE OIL COMPANY** | : |
| | : |
| Defendants. | : October 28, 2004 |

### AFFIDAVIT IN SUPPORT OF MOTION TO COMPEL

Pursuant to D.Conn.L.Civ.R.37(a)(2), the undersigned, counsel for the defendants Michael Ferreri, Invatech, LLC, Invatech Associates & Company, Inc., and IT Insurance Professionals (collectively, "Invatech"), first being duly sworn, deposes and says that:

1. This affidavit is made on my own personal knowledge.

2. I am over the age of eighteen (18) years of age and believe in the obligations of an oath.

3. I am associated with the law firm of Lustig & Brown, LLP, 1177 Summer Street, Stamford, Connecticut, and I am fully familiar with the facts and circumstances of this action.

4. On October 29, 2003, this office, on behalf of the Invatech defendants, served Interrogatories and Requests for Production on plaintiff.

5. On February 17, 2004, plaintiff filed responses to the above discovery and, additionally, interposed certain objections.

6. On May 21, 2004, the undersigned sent correspondence to plaintiff's counsel in an attempt to resolve these objections. A copy of the May 21, 2004 letter is attached to this Affidavit as **Exhibit A.**

7. On July 28, 2004, the undersigned again sent a letter to plaintiff's counsel to resolve

these objections. A copy of the July 28, 2004 letter is attached to this Affidavit as **Exhibit B**. In addition, the outstanding discovery was discussed before Magistrate Judge Garfinkel at a July 20, 2004 settlement conference.

8. On August 9, 2004, the undersigned forwarded another letter to plaintiff's counsel seeking compliance with the outstanding discovery. A copy of the August 9, 2004 letter is attached to this Affidavit as **Exhibit C**.

9. Most recently, the issues concerning the outstanding discovery were discussed at the status conference held on October 21, 2004.

10. To date, plaintiff's counsel has not responded to these attempts to resolve the dispute concerning this discovery.

11. Despite good faith efforts, we were unable to resolve our discovery dispute and seek judicial intervention regarding same.

_____
Darren P. Renner, Esq.


Subscribed and sworn to before me this 28th day of October, 2004.

_____
Notary Public
Commissioner of the Superior Court

**LUSTIG & BROWN, LLP**
ATTORNEYS AT LAW
1150 Summer Street
Stamford, CT 06905

Telephone: (203) 977-7840
Telefax: (203) 977-8649 (Not for Service)
http://www.lustigbrown.com

May 21, 2004

Adam J. LaFleche, Esq.
Montstream & May, LLP
655 Winding Brook Drive
PO Box 1087
Glastonbury, CT 06033-6087

Re:   Oak River Company vs. Michael Ferreri, et al
      Civil Action No. 3:01CV204(GLG)
      Our File No.: 7595

Dear Mr. LaFlache:

Reference is made to Oak River's February 17, 2004 Objections to the Invatech defendants' Interrogatories and Requests for Production. We would like to resolve this discovery dispute, and have identified below our position with respect to the various objections:

**Interrogatory No. 3** simply asks whether, at the time the Apple Oil worker's compensation policy was written in 2001, Oak River had any guidelines, manuals or policies which Oak Rover utilized in examining and evaluating the risk to be bound, and **Request to Produce No. 4** requests copies of any such guidelines, etc. This information and materials are clearly relevant to the claims made by Oak River in this case. We would request compliance with these discovery requests.

**Request to Produce No. 3** seeks the underwriting file maintained by Oak River for the Apple Oil account which, again, is relevant to the claims made by Oak River in this case. It is unclear as to why a claim of work-product protection would be made with respect to the underwriting of this risk. Nevertheless, we request a complete copy of the underwriting file. Any documents withheld on grounds of privilege and work-product should be identified on a log as set forth in Local Rule 37(a)(1).

**Request to Produce No.1** asks for the file relative to Mr. Gianquinto's worker's compensation claim, and it is unclear that while Oak River seeks to hold my clients responsible for this claim, they will not produce the file. The Invatech defendants are entitled to review and evaluate the claim which Oak River seeks to hold them accountable. We repeat our request that Oak River produce the claims file. Again, any documents withheld on grounds of privilege and work-product should be identified on a log as set forth in Local Rule 37(a)(1)

Finally, we would like copies of the checks identified in Oak River's response to **Request to Produce No. 12.**

Page 2
May 21, 2004

    Please consider this letter a good faith attempt to resolve these discovery issues as required under Local Rule 37(a)(2).

                                        Very truly yours,

                                        Darren P. Renner, Esq.

DPR:sal

**LUSTIG & BROWN, LLP**
ATTORNEYS AT LAW
1177 Summer Street
Stamford, CT 06905

Telephone: (203) 977-7840
Telefax: (203) 977-8649 (Not for Service)
http://www.lustigbrown.com

July 28, 2004

*Via Fax 860-657-8519*

April Haskell, Esq.
Montstream & May, LLP
655 Winding Brook Drive
PO Box 1087
Glastonbury, CT 06033-6087

      Re:   *Oak River Company vs. Michael Ferreri, et al*
              *Civil Action No. 3:01CV204(GLG)*
              <u>*Our File No.: 7595*</u>

Dear Attorney Haskell:

      Further to our conversation of the July 20th Settlement Conference, please note that Mr. Ferreri and myself are available for his deposition on the following dates: 8/26; 9/1; 9/2; 9/8; 9/9; and 9/10. With respect to the latter dates, I may have a mediation scheduled for one of those days, but I have not received word back from counsel as of the date of this letter. If that is the case, I will promptly let you know.

      Please provide this office with a copy of the underwriting file, relevant underwriting guidelines, and Mr. Gianquinto's workers' compensation file. It is my understanding that you will be asserting claims of privilege and attorney-work-product with some of the documents in these files which I would assume would be identified in a privilege log. Finally, please provide me with dates for the depositions of Allison McKiernan, Ken Kay, Michael Stearns, and Gwen Anderson.

      Thank you for your attention to the above, and I look forward to hearing from you soon.

                                        Very truly yours,

                                        Darren P. Renner, Esq.

DPR:sal
cc:    James J. Nugent (via fax)

**LUSTIG & BROWN, LLP**
ATTORNEYS AT LAW
1177 Summer Street
Stamford, CT 06905

Telephone: (203) 977-7840
Telefax: (203) 977-8649 (Not for Service)
http://www.lustigbrown.com

August 9, 2004

*Via Facsimile: 860/657-8519*

April Haskell, Esq.
Montstream & May, LLP
655 Winding Brook Drive
PO Box 1087
Glastonbury, CT 06033-6087

    *Re:*   *Oak River Company vs. Michael Ferreri, et al*
            *Civil Action No. 3:01CV204(GLG)*
            <u>*Our File No.: 7595*</u>

Dear Attorney Haskell:

    Please note that the last known address for former Invatech employee, Rosa Sugdinis is 114 Tain Mountain Road, Burlington, CT 06013.

    As a follow-up to my letter of July 28th, please provide this office with a copy of the underwriting file, relevant underwriting guidelines, and Mr. Giaquinto's workers' compensation file. Please contact me should you have any questions.

                                        Very truly yours,

                                        Darren P. Renner, Esq.

DPR:sal
cc:     James J. Nugent (via fax)