UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



| | |
|---|---|
| OAK RIVER COMPANY | : |
| | : CIVIL ACTION NO. |
| Plaintiffs, | : 3:01CV2047(WWE) |
| | : |
| VS. | : |
| | : |
| MICHAEL FERRERI, INVATECH, LLC, | : |
| INVATECH ASSOCIATES & COMPANY, | : |
| INC., IT INSURANCE PROFESSIONALS | : |
| and APPLE OIL COMPANY | : |
| | : |
| Defendants. | : October 28, 2004 |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

Pursuant to D.Conn.L.Civ.R. 7(a)(1) and 37(a)(3), the defendants Michael Ferreri, Invatech, LLC, Invatech Associates & Company, Inc., and IT Insurance Professionals (collectively, "Invatech"), hereby submit the following memorandum in support of their motion to compel plaintiff to fully respond to Invatech's October 29, 2003 Interrogatories and Request for Production.

### I. NATURE OF THE CASE

This action concerns claims for negligent misrepresentation, breach of fiduciary duty, negligence, breach of contract, and a violation of the Connecticut Unfair Trade Practices Act, C.G.S. §42-110a *et seq.* ("CUTPA") resulting from the procurement of a workers' compensation policy for the defendant, Apple Oil Company ("Apple Oil").

The plaintiff, Oak River Insurance Company ("Oak River") claims that Invatech, an insurance broker, failed in its common law and contractual duty to obtain and/or provide accurate information to plaintiff with respect to the issuance of workers' compensation insurance policy to Apple Oil. Alternatively, plaintiff claims that Apple Oil provided inaccurate information in its application for a workers compensation insurance policy issued to it by the plaintiff. Plaintiff avers that it would not have written the policy had accurate information been provided by the defendants and that, as a result of

defendants' acts and omissions, it issued the policy and has now become obligated to pay a substantial Workers' compensation claim to an employee of Apple Oil.

## II. NATURE OF DISCOVERY DISPUTE

On or about October 29, 2003, Invatech served on plaintiff's counsel Interrogatories and Request for Production, a copy of which is attached hereto as **Exhibit A**. Plaintiff responded to Invatech's discovery on or about February 17, 2004 after being provided with two extensions of time by the Court. A copy plaintiff's responses and objections to Invatech's Interrogatories and Request for Production is attached hereto as **Exhibit B**. In its responses, plaintiff objected to interrogatory no. 3 and requests for production numbered 1 and 3, and further provided qualifying responses to other discovery demands. Invatech claims that its is entitled to the information and/or materials sought by this discovery in its entirety. The specific discovery requests at issue, plaintiff's responses, and the reasons why the discovery should be allowed are set forth below:

### A. Interrogatory No. 3

State whether there were any written or non-written guidelines, policies, procedures or manuals relative to the underwriting of Policy No. W-1241352 issued to Apple Oil. If so, for each state:

    a.    Whether it was written;
    b.    If written, the title of the document and the date of the document;
    c.    If non-written, described, in detail, each guideline, policy, procedure or manual.
    d.    Whether each guideline, policy, procedure or manual was ever provided to Invatech and, if so, the date when each was so provided.

### Plaintiff's Response:

Plaintiff objects to this interrogatory as overbroad and unintelligible and not reasonably calculated to lead to the discovery of admissible evidence.

### Reason Why Item Should Be Allowed:

The crux of plaintiff's claims in this lawsuit is that Oak River would not have written a workers' compensation policy for Apple Oil had it been provided with accurate information regarding the nature and extent of the risk for which it intended to bind coverage. Clearly, the guidelines, policies, procedures or manuals concerning Oak River's underwriting of the Apple Oil policy, are relevant and material to the claims and defenses in this case.

### B.   Request for Production No. 1

All documents constituting the claim files associated with the workers' compensation claim made by Nicholas Gianquinto relative to the February 13, 2001 accident.

### Plaintiff's Response:

This request is overbroad seeking privileged information as well as information which plaintiff is precluded from disclosing concerning the claimant under Federal HIPAA rules as well as Federal and State statutes prohibiting disclosure of private information about employees. Furthermore, the remaining portions of said files are irrelevant to the issues herein, i.e., defendants misrepresentation as to the hazards of the risks to be insured, nor are they reasonably calculated to lead to the discovery of admissible evidence.

### Reason Why Item Should Be Allowed:

While Oak River seeks to hold Invatech responsible for Mr. Gianquinto's workers compensation claim and the benefits paid thereunder, it is remarkable that they will not provide a copy of this file so that Invatech may properly evaluate this claim and the damages in this action. Invatech certainly is entitled to review and evaluate the claim for which Oak River seeks to hold the defendant accountable. Moreover, to the extent that Oak River asserts claims of privilege, such documents should be identified on a log as set forth in Local Rule 37(a)(1). To date, plaintiff has failed to produce such a log.

C.  **Request for Production No. 3**

All documents in possession of Oak River concerning the underwriting of Policy No. W-1241352, including but not limited to:

    a.    any and all information or documents concerning applications or quotes;

    b.    rating information relative to Policy No. W-1241352, including but not limited to rating manuals and experience modification sheets;

    c.    any and all memos, analyses, or discussions of the risks to be covered for Apple Oil, including all reviews of the risk or inspections of the Apple Oil's operations and any and all loss control reports or similar memoranda or analyses;

    d.    all underwriting guidelines, policies or manuals relative to underwriting of Policy No. W-1241352; and

    e.    any and all information received or kept by the plaintiff in its library or filing system from trade or industry groups, or insurance regulators relative to the coverages provided Apple Oil or similar coverages issued for the past ten years.

**Plaintiff's Response**:

Plaintiff objects to this request for "all documents ... concerning the underwriting of policy ..." as overbroad and ambiguous and seemingly including privileged documents as well as those generated in anticipation of and in preparation for litigation and/or trial. Without waiving this objection, the following documents are attached hereto in response to the subparts hereof in addition to those documents attached hereto in response to Interrogatory #5, as follows:

    a.    1.) a copy of the Application submitted by the Invatech defendants on behalf of Apple Oil. The Quote is attached hereto.

           2.) A copy of the quote.

    b.    See above objection.

    c.    The loss control report.

    d.    See above objection.

    e.  Plaintiff objects to this request as vague and ambiguous and unintelligible and overbroad in its scope.

**Reason Why Item Should Be Allowed:**

Here, plaintiff has provided only scant documents relative to its underwriting of the Apple Oil policy. As with Interrogatory No. 3, the underwriting file would contain that information used by Apple Oil in evaluating the risk to be bound, and it is incredulous that a full copy of the file has not been produced to date. Moreover, it is unclear as to why any information contained within this file, purportedly generated prior to the commencement of this suit, would contain privileged documents as well as those generated in anticipation of and in preparation for litigation. To the extent that Oak River asserts claims of privilege, such documents should be identified on a log as set forth in Local Rule 37(a)(1). To date, plaintiff has failed to produce such a log.

  D.  **Request for Production No. 4.**

    All memoranda, correspondence, manuals, guidelines or other documentation which discuss, define, or set guidelines or procedures for renewal, non-renewal, or cancellation of workers' compensation coverage similar to the coverage issued to Apple Oil.

  **Plaintiff's Response:**

Not applicable. Plaintiff has not and does not issue coverage similar to the coverage issued to Apple Oil Company.

  **Reason Why Item Should Be Allowed:**

In a letter dated May 21, 2004, a copy of which is attached to the undersigned's affidavit accompanying the motion to compel, counsel for Invatech clarified this discovery request by seeking the same underwriting guidelines, manuals referenced in Interrogatory No. 3 and further sought in Requests for Production No. 3. Again, based upon the claims and defenses in this case, there is no logical reason why Oak River's underwriting file and guidelines should be withheld from production.

E. **Request for Production No. 10**

All documents evidencing the damages, losses and expenses which Oak River claims resulted from the alleged acts and/or omissions of Invatech, as set forth in response to interrogatory no. 12.

**Plaintiff's Response:**

Plaintiff incorporates its response to interrogatory #12 as though fully set forth hereat. A copy of checks evidencing payment for workers' compensation benefits and fees and costs incurred in connection with the defense of same and the prosecution of this matter will be provided under separate cover, if requested.

**Reason Why Item Should Be Allowed:**

As set forth in the undersigned's affidavit accompanying the motion to compel, counsel for Invatech <u>did</u> request a copy of checks evidencing payment for workers' compensation benefits and fees and costs incurred in defending the claim. Plaintiff simply has not provided them.

III. **CONCLUSION**

Based upon the foregoing reasons, Invatech respectfully requests that this Court issue an Order directing plaintiff to provide complete and full responses to the discovery requests as set forth herein.

THE DEFENDANTS,
MICHAEL FERRERI, INVATECH, LLC,
INVATECH ASSOCIATES & COMPANY, INC., IT
INSURANCE PROFESSIONALS

_____
Darren P. Renner, Esq. (ct 15901)
LUSTIG & BROWN, LLP
1177 Summer Street
Stamford, Connecticut 06905
Telephone: (203) 977-7840
Fax: (203) 977-8649

## CERTIFICATE OF SERVICE

      Pursuant to D.Conn.L.Civ.R. 5, this is to certify that a copy of the foregoing has this date been mailed, postage prepaid to the following:

April Haskell, Esq.  
MONTSTREAM & MAY  
Attorneys for Plaintiff  
655 Winding Brook Drive  
PO Box 1087  
Glastonbury, CT 06033-6087

James J. Nugent, Esq.  
NUGENT & BRYANT  
Attorneys for Apple Oil Company  
236 Boston Post Road  
Orange, CT 06477

_____  
Darren P. Renner, Esq.