UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OAK RIVER COMPANY, | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:01CV2047(GLG) |
| | : | |
| vs. | : | |
| | : | |
| MICHAEL FERRERI, INVATECH, L.L.C., | : | |
| INVATECH ASSOCIATES & COMPANY, | : | |
| INC., IT INSURANCE PROFESSIONALS, | : | |
| and APPLE OIL, INC., | : | |
| | : | |
| Defendants. | : | October 29, 2003 |

## INTERROGATORIES & REQUESTS FOR PRODUCTION

To:    OAK RIVER COMPANY, Plaintiff

Pursuant to F.R.C.P. 33, the undersigned defendants hereby request that the following interrogatories be answered under oath by any of your officers competent to testify on your behalf who know the facts about which the inquiry is made and that the answers be served on counsel for the undersigned defendants within 30 days from the time these interrogatories are served on you:

## DEFINITIONS

In addition to the definitions set forth in D.Conn.L.Civ.R 39, the following definitions apply to the discovery requests below:

1.    "**Invatech**" means the defendants Michael Ferreri, Invatech, LLC, Invatech Associates and Company, Inc., and IT Insurance Professionals, either individually or collectively.

2.    "**Apple Oil**" means the defendant Apple Oil, Inc.

3.    "**Oak River**" means the plaintiff, Oak River Company.

4.    "**Policy No. W-1241352**" refers to the Workers' Compensation Policy which was issued to Apple Oil by Oak River and which is the subject of this litigation.

A.   INTERROGATORIES

Interrogatory No. 1

State the name, business address and business title of the person answering these interrogatories on behalf of Oak River.

Response:


Interrogatory No. 2

State the name of all employees of Oak River who had any involvement in the procurement, application, underwriting, issuance or cancellation of Policy No. W-1241352 issued to Apple Oil. For each such person state:

    a.    The person's business title;

    b.    The person's business address; and

    c.    A detailed description of the person's activities concerning Policy No. W-1241352 and the date of said activities.

Response:


Interrogatory No. 3

State whether there were any written or non-written guidelines, policies, procedures or manuals relative to the underwriting of Policy No. W-1241352 issued to Apple Oil. If so, for each state:

a.  Whether it was written;

b.  If written, the title of the document and the date of the document;

c.  If non-written, described, in detail, each guideline, policy, procedure or manual.

d.  Whether each guideline, policy, procedure or manual was ever provided to Invatech and, if so, the date when each was so provided.

Response:

## Interrogatory No. 4

State in detail what was done with the application submitted on behalf of Apple Oil for Policy No. W-1241352 after it was received by Oak River. Specifically, as to each action taken with respect to the application, state the name of the person taking the action, describe the action taken and the date of the action.

Response:

## Interrogatory No. 5

Identify each communication between Invatech and Oak River from December 1, 2000 and

-3-

April 30, 2001 pertaining to workers' compensation insurance for Apple Oil, or the application for this insurance. As to each communication state:

   a.  The date of the communication

   b.  The form of the communication (written, oral, electronic, etc.) and

   c.  The names and business titles of each person involved in the communication. As to each communication for which the plaintiff does not presently have a written or electronic copy, also describe, in detail, the substance of the communication.

**Response:**

## Interrogatory No. 6

Identify each communication between Apple Oil and Oak River from December 1, 2000 and April 30, 2001 pertaining to workers' compensation insurance for Apple Oil, or the application for this insurance. As to each communication state:

   a.  The date of the communication

   b.  The form of the communication (written, oral, electronic, etc.) and

   c.  The names and business titles of each person involved in the communication. As to each communication for which the plaintiff does not presently have a written or

-4-

electronic copy, also describe, in detail, the substance of the communication.

Response:

### Interrogatory No. 7

State whether to your knowledge or the knowledge of your attorney, you or your attorney are aware of any statement or statements being given concerning the subject matter of this lawsuit, including statements of any parties to this action. If your answer to this interrogatory is affirmative, state also:

    a.    the date of which the statement or statements were taken;

    b.    the names and addresses of the person or person who took such statement or statements;

    c.    the names and addresses of any person present when such statement or statements were taken;

    d.    whether such statement or statements were written, made by recording device or taken by court reporter or stenographer;

    e.    The names and addresses of each person having custody or a copy or copies or such

statement or statements.

Response:

### Interrogatory No. 8

State the names and addresses of all experts whom you intend to call as an expert witness at trial. For each witness identified in response to this interrogatory, state:

    a.    the subject matter on which each expert witness is expected to testify;

    b    the substance of the facts and opinions to which each expert witness is expected to testify; and

    c.    a summary of the grounds for each opinion of each expert witness expected to testify.

Response:

### Interrogatory No. 9

State, from the date coverage was bound up until the policy was cancelled by Oak River, any and all claims for worker's compensation coverage made under Policy No. W-1241352. For each claim, please identify the name of the claimant, the date of the incident, and the claim number assigned by Oak

-6-

River.

Response:

Interrogatory No. 10

With respect to the cancellation of Policy No. W-1241352, state:

a. When the policy canceled;

b. The manner in which the cancellation was communicated to Apple Oil; and

c. The reasons provided by Oak River for the cancellation.

Response:

Interrogatory No. 11

State, in detail, all alleged negligent misrepresentations made by Invatech which the plaintiff allegedly relied on, and which allegedly induced the plaintiff to issue Policy No. W-1241352 as alleged in Counts 1 and 10 of plaintiff's Revised Amended Complaint, including:

a. when each negligent misrepresentation was made;

b. the substance of each alleged negligent misrepresentation;

c. each person present when each alleged negligent misrepresentation was made;

-7-

    d.    where each alleged negligent misrepresentation was made;

    e.    whether each alleged negligent misrepresentation was oral, written or both; and

    f.    the name of each person that made each alleged negligent misrepresentation

**Response:**

### Interrogatory No. 12

State, in detail, each item of damage, loss and expense which Oak River claims resulted from the incident alleged in the Revised Amended Complaint.

**Response:**

### B. REQUESTS FOR PRODUCTION

Pursuant to F.R.C.P. 34, the plaintiff is requested to produce the following documents within 30 days from the time these requests for production are served on you:

### Request to Produce No. 1

All documents constituting the claim files associated with the worker's compensation claim made by Nicholas Gianquinto relative to the February 13, 2001 accident.

-8-

Response:

Request to Produce No. 2

All documents constituting the claim files associated with those claims identified in response to interrogatory no. 9.

Response:

Request to Produce No. 3

All documents in possession of Oak River concerning the underwriting of Policy No. W-1241352, including but not limited to:

    a.    any and all information or documents concerning applications or quotes;

    b.    rating information relative to Policy No. W-1241352, including but not limited to rating manuals and experience modification sheets;

    c.    any and all memos, analyses, or discussions of the risks to be covered for Apple Oil, including all reviews of the risk or inspections of the Apple Oil's operations and any and all loss control reports or similar memoranda or analyses;

    d.    all underwriting guidelines, policies or manuals relative to underwriting of Policy No. W-1241352; and

    e    any and all information received or kept by the plaintiff in its library or filing system from trade or industry groups, or insurance regulators relative to the coverages provided Apple Oil or similar coverages issued for the past ten years.

Response:

Request to Produce No. 4

All memoranda, correspondence, manuals, guidelines or other documentation which discuss, define, or set guidelines or procedures for renewal, non-renewal, or cancellation of worker's compensation coverage similar to the coverage issued to Apple Oil.

Response:


Request to Produce No. 5

All documents relative to the cancellation of Policy No. W-1241352, including any notice of cancellation issued by Oak River.

Response:


Request to Produce No. 6

All documents evidencing the communications identified in response to interrogatories nos. 5 and 6.

Response:


Request to Produce No. 7

All documents evidencing the alleged negligent misrepresentations identified in response to interrogatory no.11.

Response:

-10-

Request to Produce No. 8

All guidelines, policies, procedures or manuals or other documents which were provided to Invatech by Oak River prior to February 4, 2001 concerning the underwriting and issuance of worker's compensation policies in Connecticut.

Response:

Request to Produce No. 9

A clear and complete copy of Policy No. W-1241352, including any declarations pages and endorsements.

Response:

Request to Produce No. 10

All documents evidencing the damages, losses and expenses which Oak River claims resulted from the alleged acts and/or omissions of Invatech, as set forth in response to interrogatory no. 12.

Response:

Request to Produce No. 11

Clear and complete copies of any agency agreement between Oak River and Invatech in effect for the years 2000 and 2001.

Response:

THE DEFENDANTS,
MICHAEL FERRERI, INVATECH, LLC, INVATECH ASSOCIATES & COMPANY, INC., IT INSURANCE PROFESSIONALS

_____
Darren P. Renner, Esq. (ct 15901)
Christopher B. Weldon, Esq. (ct 14128)
Lustig & Brown, LLP
1150 Summer Street
Stamford, Connecticut 06905
Telephone: (203) 977-7840
Fax: (203) 977-8649

## CERTIFICATE OF SERVICE

    Pursuant to D.Conn.L.Civ.R.7, this is to certify that a copy of the foregoing has this date been mailed, postage prepaid to the following:

Montstream & May, LLP
655 Winding Brook Drive
PO Box 1087
Glastonbury, CT 06033-6087
(860) 659-1341

Nugent & Bryant
236 Boston Post Road
Orange, CT 06477
(203) 795-1111

_____
Darren P. Renner, Esq.

-12-

## CERTIFICATION

I, _____ of Oak River Company, duly authorized, hereby certify that I have reviewed the above Interrogatories and responses thereto and that they are true and accurate to the best of my knowledge and belief.

                                                            _____
                                                            Oak River Company
                                                            By:_____
                                                            Its_____, duly authorized

Subscribed and sworn to before me this_____ day of_____, 2003.

                                                            _____
                                                            Notary Public/
                                                            Commissioner of the Superior Court