UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| OAK RIVER COMPANY, | : |
| Plaintiff, | : CIVIL ACTION NO. |
| | :   3:01CV2047(GLG) |
| vs. | : |
| | : |
| MICHAEL FERRERI, INVATECH, L.L.C., | : |
| INVATECH ASSOCIATES & COMPANY, INC., | : |
| IT INSURANCE PROFESSIONALS, and | : |
| APPLE OIL, INC., | : |
| | : |
| Defendants | : FEBRUARY 17, 2004 |

## RESPONSES TO INTERROGATORIES & REQUESTS FOR PRODUCTION

**To:**    **OAK RIVER COMPANY, Plaintiff**

Pursuant to F.R.C.P. 33, the undersigned defendants hereby request that the following interrogatories be answered under oath by any of your officers competent to testify on your behalf who know the facts about which the inquiry is made and that the answers be served on counsel for the undersigned defendants within 30 days from the time these interrogatories are served on you:

### DEFINITIONS

In addition to the definitions set forth in D.Conn.L.Civ.R 39, the following definitions apply to the discovery requests below:

–1–

1.      "**Invatech**" means the defendants   Michael Ferreri, Invatech, LLC, Invatech Associates and Company, Inc., and IT Insurance Professionals, either individually or collectively.

2.      "**Apple Oil**" means the defendant Apple Oil, Inc.

3.      "**Oak River**" means the plaintiff, Oak River Company.

4.      "**Policy No. W-1241352**" refers to the Workers' Compensation Policy which was issued to Apple Oil by Oak River and which is the subject of this litigation.

## A.    <u>INTERROGATORIES</u>

### <u>Interrogatory No. 1</u>

State the name, business address and business title of the person answering these interrogatories on behalf of Oak River.

**Response:**  **These responses are being answered by the plaintiff, Oak River Company, and are being signed on its behalf by Joseph Casaccio, duly authorized as legal counsel and attorney in fact, on information and belief.**

### <u>Interrogatory No. 2</u>

State the name of all employees of Oak River who had any involvement in the procurement, application, underwriting, issuance or cancellation of Policy No. W-1241352 issued to Apple Oil.

For each such person state:

a.      The person's business title;

b.      The person's business address; and

c.      A detailed description of the person's activities concerning Policy No. W-1241352 and the date of said activities.

**Response:**   **Plaintiff objects to this interrogatory as vague and ambiguous, and further on the grounds that it is compound.  Defendant does not understand what is meant by the term "involvement in the procurement of" or "involved in the application of" Policy No. W-1241352, as it pertains to this plaintiff, and therefore cannot intelligently respond to same.  Without waiving this objection, the following employees were involved in the underwriting, issuance, or cancellation of Policy No. W-1241352 issued to Apple Oil:**

1.      **Allison B. McKiernan, Field Underwriter;**
2.      **Ken Kay, Underwriting Manager;**
3.      **Michael Stearns, Workers' Compensation Manager;**
4.      **Gwen Anderson, Underwriting Assistant.**

## Interrogatory No. 3

State whether there were any written or non-written guidelines, policies, procedures or manuals relative to the underwriting of Policy No. W-1241352 issued to Apple Oil.  If so, for each state:

a.      Whether it was written;

b.      If written, the title of the document and the date of the document;

     c.     If non-written, described, in detail, each guideline, policy, procedure or manual.

     d.     Whether each guideline, policy, procedure or manual was ever provided to Invatech and, if so, the date when each was so provided.

**Response:  Plaintiff objects to this interrogatory as overbroad and unintelligible and not reasonably calculated to lead to the discovery of admissible evidence.**

**Interrogatory No. 4**

State in detail what was done with the application submitted on behalf of Apple Oil for Policy No. W-1241352 after it was received by Oak River.  Specifically, as to each action taken with respect to the application, state the name of the person taking the action, describe the action taken and the date of the action.

**Response:  The plaintiff objects to this interrogatory as vague and unintelligible as to what is meant by the term "what was done with".  Without waiving this objection, the application was reviewed by Allison McKiernan, who requested further information and clarification from defendant, Ferreri, who provided same.  In reliance thereon, the policy was issued.**

**Interrogatory No. 5**

Identify each communication between Invatech and Oak River from December 1, 2000 and April 30, 2001 pertaining to workers' compensation insurance for Apple Oil, or the application for this insurance.  As to each communication state:

a.   The date of the communication

b.   The form of the communication (written, oral, electronic, etc.) and

c.   The names and business titles of each person involved in the communication.  As to each communication for which the plaintiff does not presently have a written or electronic copy, also describe, in detail, the substance of the communication.

**Response:**                              **a.   1/29/01      Written   submission   from Invatech defendants received.**

**1/29/01      Written   request   to   defendants   questioning discrepancies on the submission versus the experience mod worksheet and also requesting additional information.**

**1/29/01      Telephone call from Michael Ferreri to Allison McKiernan. Ms. McKiernan advised that she was inclined to decline to issue the policy.   In response, Ferreri claimed that Apple Oil was splitting its business into two entities, separating out the oil delivery business from other operations and further advising that the other operations would be insured on a separate policy. He further explained the purported reasons for the date discrepancies.**

**1/31/01      Note to Invatech defendants.**

**1/31/01 through 2/2/01      Telephone calls with Ferreri and McKiernan in**

which he stated that the payroll estimates in the application were accurate, and further reiterated that the employees of the company who were not drivers or clerical employees were being split off to another company with its own workers' compensation coverage with another company. He reassured her that the parts of the risk she was concerned about were not to be insured by Oak River Company. Based on these representations, Allison McKiernan agreed to quote the policy.

| | |
|---|---|
| 2/2/01 | Note from Invatech defendants asking for binder as of 2/4/01. |
| 2/4/01 | Quote sent to Invatech defendants. |
| 2/5/01 | Binder sent to Invatech defendants. |
| 2/ /01 | Invoice sent to Invatech defendants for the policy premium. |
| 2/9/01 | Note to Invatech defendants requesting Apple Oil's Federal ID#, the number of employees per class, verification of health coverage, copies of MVR's and notice that loss control was being ordered. |
| 2/22/01 | Resubmission of 2/9/01 note to Invatech defendants. |
| 2/26/01 | Note to Invatech defendants that policy would be issued. Again requested need for employee count and MVR's and description with payroll information. |

| | |
|---|---|
| 3/1/01 | Note to Ferreri from McKiernan agreeing to issue the policy, but reiterating that she would need a payroll audit and loss control report. |
| 3/9/01 | Ferreri called McKiernan.  He advised that he knew that the loss control study was being done and he wanted McKiernan to be aware that it would probably show higher payroll than he had claimed or that was on the application, as the amount of the payroll had been understated by him.  He explained this by stating that he had been unable to pay the premium that would have resulted from the actual payroll because he had financed Apple's earlier policy and had not yet gotten a refund and was therefore short cash.  He stated that he would endorse up the policy when the loss control report came in and the premium could then be adjusted upwards and that he would be paying, once he got the refund from the earlier carrier. |
| 3/9/01 | McKiernan called Ferreri and left a voice mail about results of the loss control study, asking him to call her immediately about the huge payroll discrepancy that had been found. |
| 3/12/01 | Telephone call with Rosa of Invatech defendants, leaving a message for Ferreri that McKiernan would have to cancel the Apple Oil policy because of an increased risk.  Rosa gave McKiernan Ferreri's cell phone number but he could not be reached at that number either. |
| 3/12/01 | Follow up with note to Ferreri confirming conversation. |

–7–

3/12/01          Fax to Ferreri from Allison McKiernan.

3/12/01          Telephone call from Ferreri to McKiernan.  She
                 told him that the increase in payroll from $35,000
                 to $1 million as had been determined by the loss
                 control study, was not a slight inconsistency, as
                 he had suggested in his earlier conversation
                 existed    in the payroll estimates.   She also
                 advised    him   that   he   had   misrepresented
                 information about the other classes of employees,
                 i.e., other than drivers and clerical employees, to
                 which he did not respond.  She requested copy of
                 the workers' compensation policy covering the
                 other operations to which Ferreri did not reply.
                 He also did not deny that he had lied when
                 representing the risk.   McKiernan advised him
                 that the policy would be cancelled for failure to
                 fairly disclose risks on the application, i.e., for
                 increased hazard.

3/13/01          Telephone call from Ferreri to McKiernan about
                 another client, primarily.  In that conversation, he
                 asked McKiernan if she had calmed down about
                 Apple and told her that he felt "like a little kid who
                 had been spanked by his Mommy."

3/13/01          Note sent to Invatech defendants regarding Apple
                 Oil and termination of Agency contract.

3/16/01          Notice of cancellation of Apple Oil policy sent to
                 Defendants.

3/19/01          Notice of cancellation of Apple Oil policy sent to
                 defendants.

**Interrogatory No. 6**

Identify each communication between Apple Oil and Oak River from December 1, 2000 and April 30, 2001 pertaining to workers' compensation insurance for Apple Oil, or the application for this insurance. As to each communication state:

a.    The date of the communication

b.    The form of the communication (written, oral, electronic, etc.) and

c.    The names and business titles of each person involved in the communication. As to each communication for which the plaintiff does not presently have a written or electronic copy, also describe, in detail, the substance of the communication.

**Response:    All communications to or from Apple Oil regarding the application came directly from the Invatech defendants. The plaintiff did send a copy of the notice of cancellation to Apple Oil on March 16, 2001 and March 19, 2001 via certified mail. Furthermore, after a loss report survey was done in mid March, Apple Oil was contacted via phone concerning their payroll, and advised plaintiff that all records were in Indiana, but refused to provide access to such records.**

**Interrogatory No. 7**

State whether to your knowledge or the knowledge of your attorney, you or your attorney are aware of any statement or statements being given concerning the subject matter of this lawsuit, including statements of any parties to this action. If your answer

to this interrogatory is affirmative, state also:

    a.    the date of which the statement or statements were taken;

    b.    the names and addresses of the person or person who took such statement or statements;

    c.    the names and addresses of any person present when such statement or statements were taken;

    d.    whether such statement or statements were written, made by recording device or taken by court reporter or stenographer;

    e.    The names and addresses of each person having custody or a copy or copies or such statement or statements.

**Response:  Not applicable.**

**Interrogatory No. 8**

State the names and addresses of all experts whom you intend to call as an expert witness at trial.   For each witness identified in response to this interrogatory, state:

    a.    the subject matter on which each expert witness is expected to testify;

    b    the substance of the facts and opinions to which each expert witness is expected to testify; and

−10−

    c.    a summary of the grounds for each opinion of each expert witness expected to testify.

**Response:   Not yet determined.**

**Interrogatory No. 9**

State, from the date coverage was bound up until the policy was cancelled by Oak River, any and all claims for worker's compensation coverage made under Policy No. W-1241352. For each claim, please identify the name of the claimant, the date of the incident, and the claim number assigned by Oak River.

**Response:   Name of claimant:  Nicholas Gianquinto;**
**Alleged date of loss:  2/13/01**
**Claim No: 01-401718**

**Interrogatory No. 10**

With respect to the cancellation of Policy No. W-1241352, state:

    a.    When the policy canceled;

    b.    The manner in which the cancellation was communicated to Apple Oil; and

    c.    The reasons provided by Oak River for the cancellation.

**Response:**    **a.    Cancellation notice was sent to Apple Oil Company and the Invatech defendants on March 16, 2001 and March 19, 2001 via mail with postage fully prepaid, with cancellation dates effective March 31, 2001 and April 4, 2001 respectively.**

       **b.**     **See next above response.**

       **c.**     **"Cancelled because of increase in hazard."**

**Interrogatory No. 11**

State, in detail, all alleged negligent misrepresentations made by Invatech which the plaintiff allegedly relied on, and which allegedly induced the plaintiff to issue Policy No. W-1241352 as alleged in Counts 1 and 10 of plaintiff's Revised Amended Complaint, including:

a.     when each negligent misrepresentation was made;

b.     the substance of each alleged negligent misrepresentation;

c.     each person present when each alleged negligent misrepresentation was made;

d.     where each alleged negligent misrepresentation was made;

e.     whether each alleged negligent misrepresentation was oral, written or both; and

f.     the name of each person that made each alleged negligent misrepresentation

**Response:**  **In various of the conversations referred to in paragraph 5 between Michael Ferreri and Allison McKiernan, Ferreri made representations about the nature of Apple Oil's business which were inaccurate,**

representing that certain aspects of the business were no longer being done by the entity for which insurance was being sought, and that as to those portions of the business, some other entity was going to be insuring those aspects; the locations of the places of business of Apple Oil were also not accurately represented, nor were the amounts of the payroll with reference to those portions which Mr. Ferreri represented were ongoing operations of Apple Oil.

## Interrogatory No. 12

State, in detail, each item of damage, loss and expense which Oak River claims resulted from the incident alleged in the Revised Amended Complaint.

**Response:**   **The plaintiff refers to and incorporates by reference, as though fully set forth hereat the damages section of its application ... dated 2/24/03 filed with this Court, and the Affidavit accompanying same, in support thereof, as though fully set forth hereat as its answers to this interrogatory. Obviously, additional attorneys fees and costs are being incurred on a daily basis with respect to defending the workers' compensation case as well as in the prosecution of this matter.**

**B.**    **REQUESTS FOR PRODUCTION**

Pursuant to F.R.C.P. 34, the plaintiff is requested to produce the following documents within 30 days from the time these requests for production are served on you:

**Request to Produce No. 1**

All documents constituting the claim files associated with the worker's compensation claim made by Nicholas Gianquinto relative to the February 13, 2001 accident.

**Response:**    **This request is overbroad seeking privileged information as well as information which plaintiff is precluded from disclosing concerning the claimant under Federal HIPAA rules as well as Federal and State statutes prohibiting disclosure of private information about employees.**

**Furthermore, the remaining portions of said files are irrelevant to the issues herein, i.e., defendants misrepresentation as to the hazards of the risks to be insured, nor are they reasonably calculated to lead to the discovery of admissible evidence.**

**Request to Produce No. 2**

All documents constituting the claim files associated with those claims identified in response to interrogatory no. 9.

**Response:    See next above response.**

-14-

## Request to Produce No. 3

All documents in possession of Oak River concerning the underwriting of Policy No. W-1241352, including but not limited to:

a.  any and all information or documents concerning applications or quotes;

b.  rating information relative to Policy No. W-1241352, including but not limited to rating manuals and experience modification sheets;

c.  any and all memos, analyses, or discussions of the risks to be covered for Apple Oil, including all reviews of the risk or inspections of the Apple Oil's operations and any and all loss control reports or similar memoranda or analyses;

d.  all underwriting guidelines, policies or manuals relative to underwriting of Policy No. W-1241352; and

e   any and all information received or kept by the plaintiff in its library or filing system from trade or industry groups, or insurance regulators relative to the coverages provided Apple Oil or similar coverages issued for the past ten years.

**Response:    Plaintiff objects to this request for "all documents ... concerning the underwriting of policy ..."as over broad and ambiguous and seemingly including privileged documents as well as those generated in anticipation of and in preparation for litigation and/or**

trial.  **Without waiving this objection, the following documents are attached hereto in response to the subparts hereof in addition to those documents attached hereto in response to Interrogatory #5, as follows:**

a.    1.)     **A copy of the Application submitted by the Invatech defendants on behalf of Apple Oil. The Quote is attached hereto.**

        2.)     **A copy of the quote.**

b.       **See above objection.**

c.       **The loss control report.**

d.       **See above objection.**

e.       **Plaintiff objects to this request as vague and ambiguous and unintelligible and overbroad in its scope.**

## Request to Produce No. 4

All memoranda, correspondence, manuals, guidelines or other documentation which discuss, define, or set guidelines or procedures for renewal, non-renewal, or cancellation of worker's compensation coverage similar to the coverage issued to Apple Oil.

**Response:**    **Not applicable.  Plaintiff has not and does not issue coverage similar to the coverage issued to Apple Oil Company.**

## Request to Produce No. 5

All documents relative to the cancellation of Policy No. W-1241352, including any notice of cancellation issued by Oak River.

**Response:   See documents attached hereto .**

## Request to Produce No. 6

All documents evidencing the communications identified in response to interrogatories nos. 5 and 6.

**Response:   See response to interrogatory #5 incorporated hereat by reference and the documents described therein which are attached hereto.**

## Request to Produce No. 7

All documents evidencing the alleged negligent misrepresentations identified in response to interrogatory no.11.

**Response:   Plaintiff objects to this request on the grounds that it cannot meaningfully determine what types of documents are sought due to the vagueness of the request and further on the grounds that it is overbroad seemingly seeking privileged and work product documents without waiving this objection.   Other than the Application, and documents submitted therewith or in reference thereto, plaintiff received no documents from the Invatech defendants containing any representations.**

## Request to Produce No. 8

All guidelines, policies, procedures or manuals or other documents which were

provided to Invatech by Oak River prior to February 4, 2001 concerning the underwriting and issuance of worker's compensation policies in Connecticut.

**Response:  See objection to corresponding interrogatory #3 incorporated hereat by reference.**

## Request to Produce No. 9

A clear and complete copy of Policy No. W-1241352, including any declarations pages and endorsements.

**Response:   See attached dec page and policy.**

## Request to Produce No. 10

All documents evidencing the damages, losses and expenses which Oak River claims resulted from the alleged acts and/or omissions of Invatech, as set forth in response to interrogatory no. 12.

**Response:  Plaintiff incorporates its response to interrogatory #12 as though fully set forth hereat.   A copy of checks evidencing payment for workers' compensation benefits and fees and costs incurred in connection with the defense of same and the prosecution of this matter will be provided under separate cover, if requested.**

## Request to Produce No. 11

Clear and complete copies of any agency agreement between Oak River and Invatech in effect for the years 2000 and 2001.

**Response:  See attached Agency Agreement.**

BY_____

April Haskell   (CT 04307)
Montstream & May, L.L.P.
655 Winding Brook Drive
P. O. Box 1087
Glastonbury, CT 06033-6087
(860) 659-1341

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed to all counsel/parties of
record this 17th day of February, 2004, as follows:

Christopher B. Weldon, Esq.
Lustig & Brown, L.L.P.
1150 Summer Street
Stamford, CT 06905
(CT 14128)

James J. Nugent, Esq.
Nugent & Bryant
236 Boston Post Road
Orange, CT 06477

_____
April Haskell
Montstream & May, L.L.P.

oak river signature and cert page. 2/16/04 AH

# C E R T I F I C A T I O N

I, Joseph G. Casaccio of Oak River Company, duly authorized, hereby certify that I have reviewed the above Interrogatories and responses thereto and that they are true and accurate to the best of my knowledge and belief.

**OAK RIVER COMPANY**

By: *Joseph G. Casaccio*
Joseph G. Casaccio
Its counsel and attorney in fact, duly authorized

Subscribed and sworn to before me this *23rd* day
of *January*, 2004.

*Melissa G. Hoog*
Notary Public/
Commissioner of the Superior Court
my Commission Expires: 3/31/05