FILED
2005 JAN 13 A 11: 58
U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

OAK RIVER COMPANY

                Plaintiff,

vs.

MICHAEL FERRERI, INVATECH, LLC,
INVATECH ASSOCIATES & COMPANY,
INC., IT INSURANCE PROFESSIONALS
and APPLE OIL COMPANY

                Defendants.

CIVIL ACTION NO.
3:01CV2047(WWE)

January 11, 2005

### MEMORANDUM IN PARTIAL OPPOSITION TO THE PLAINTIFF'S MOTION FOR PERMISSION TO EXTEND THE DURATION OF DEFENDANT, MICHAEL FERRERI'S, DEPOSITION

Pursuant to Local Rule 30(d)(2), the undersigned counsel for defendants MICHAEL FERRERI, INVATECH, LLC, INVATECH ASSOCIATES & COMPANY, INC., and IT INSURANCE PROFESSIONALS hereby submits this memorandum of law in partial opposition to plaintiff OAK RIVER COMPANY's motion for permission to continue the deposition of Defendant MICHAEL FERRERI beyond seven hours.

Initially, the undersigned has no objection to plaintiff's request to depose Mr. Ferreri to the extent that: 1) the continued deposition does not exceed two hours; 2) the deposition remains restricted to the sworn interrogatory responses that were not available during the last session of Mr. Ferreri's deposition on January 3, 2005; and 3) the deposition does not permit inquiry into issues that already been addressed.

During the course of this case, Mr. Ferreri has been deposed on two separate days

for a total of approximately fourteen (14) hours. While defendant accepts that plaintiff wants to inquire as to interrogatory responses that have yet to be verified, it would be abusive for Mr. Ferreri to have to appear for more than two hours under the circumstances.

Contrary to the assertions by plaintiff, the following matter is not complex. In fact, this matter can be summarized as follows:: Plaintiff claims that it issued a policy of worker's compensation insurance based upon inaccurate, false or misleading information provided to it by the defendants, and that Plaintiff would not have issued had the information been accurate. After a claim was presented under the policy, Plaintiff was obligated to provide coverage to the claimant and now seeks to recoup the medical/indemnity benefits paid to the claimant. The plaintiff characterization that this case is complex is incorrect. Nevertheless, defendants are willing to produce Mr. Ferreri once again. However, plaintiff's request for seven (7) additional hours is unreasonable.

The plaintiff has made no showing whatsoever that an additional seven hours of deposition testimony is necessary in this case. The United States District Court for the District of Connecticut has held that it is necessary to make an adequate showing that there is a need for additional deposition testimony beyond the seven hour limit contained in Federal Rule of Civil Procedure 30(d)(2) before it will be permitted. See <u>Sica v. State</u>, 331 F.Supp.2d 82, 87-88 (Conn. 2004). In this matter, the plaintiff failed to make an adequate showing that there is a need for additional deposition testimony, as arguably many of the interrogatories seek information already addressed at the defendant's deposition. Plaintiff may have been dissatisfied with the responses provided by our

defendant at his first two days of examination, but this is not in and of itself sufficient to warrant deposition testimony three times as much as the Federal Rules permit.

There is no question that the court may allow additional time for the completion of a deposition "if needed for a fair examination of the deponent". Fed.R.Civ.P. 30(d)(2). Plaintiff has had more than a full and fair opportunity to depose Mr. Ferreri. Defendants do not consent to allow this deposition to proceed in perpetuity.

**WHEREFORE,** it is respectfully requested that plaintiff's motion be denied or, alternatively, that the Court issue an Order directing that: 1) the continued deposition does not exceed two hours; 2) the deposition remains restricted to the sworn interrogatory responses that were not available during the last session of Mr. Ferreri's deposition on January 3, 2005; and 3) the deposition does not permit inquiry into issues that already been addressed.

> THE DEFENDANTS,
> MICHAEL FERRERI, INVATECH, LLC,
> INVATECH ASSOCIATES & COMPANY,
> INC., IT INSURANCE PROFESSIONALS
>
> Darren P. Renner, Esq. (ct 15901)
> Robert J. Grande, Esq. (ct 21763)
> LUSTIG & BROWN, LLP
> 1177 Summer Street
> Stamford, Connecticut 06905
> Telephone: (203) 977-7840
> Fax: (203) 977-8649

## CERTIFICATE OF SERVICE

Pursuant to D.Conn.L.Civ.R. 5, this is to certify that a copy of the foregoing has this date been mailed, postage prepaid to the following:

April Haskell, Esq.
MONTSTREAM & MAY
Attorneys for Plaintiff
655 Winding Brook Drive
PO Box 1087
Glastonbury, CT 06033-6087

James J. Nugent, Esq.
NUGENT & BRYANT
Attorneys for Apple Oil, Inc.
236 Boston Post Road
Orange, CT 06477

Darren P. Renner, Esq.