FILED

2005 APR 12 P 4: 13

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*****************************************

| | |
|---|---|
| OAK RIVER COMPANY<br>    Plaintiff<br>vs.<br><br>MICHAEL FERRERI<br>INVATECH, L.L.C.<br>INVATECH ASSOCIATES &<br>    COMPANY, INC.<br>IT INSURANCE PROFESSIONALS,<br>ET AL<br>    Defendants | CIVIL ACTION NO. **3:01CV2047(WWE)**<br><br><br><br><br><br><br>APRIL 12, 2005 |

*****************************************

## ORDER

WHEREAS, the above captioned case involves a claim against Apple Oil and an insurance agent (the "Invatech Defendants") for reimbursement of amounts paid under an insurance policy issued to Apple Oil, upon application provided by the Invatech Defendants; and

WHEREAS, the payments made thereunder were made to an employee of Apple Oil, Mr. Gianquinto; and

WHEREAS, an issue has arisen as to the validity of Mr. Gianquinto's claims, the amounts paid to him, the reasons therefor, and the probability or possibility of additional monies being owed to him under the Connecticut Workers' Compensation laws; and

WHEREAS, given the requirements of HIPAA, there may be some constraints upon the plaintiff's voluntary disclosure of Mr. Gianguinto's medical records, medical bills, and related information; and

WHEREAS, counsel for Gianquinto has been put on notice of the fact that the within order has been sought, and has no objection thereto (see attached letter confirming a conversation with Attorney Lasala); and

WHEREAS, the parties in this case have agreed as follows:

a. The medical records and medical bills and related reports may be disclosed by Oak River to other parties in this case, and, by them, to their insurers, solely for the purpose of evaluating this matter, and

b. Said materials shall be disclosed under seal, and shall not be disclosed in open Court unless and until this matter is tried, at which time the Court shall place constraints, as the Court deems appropriate, upon the public disclosure of such documents, but with the understanding that plaintiff shall be permitted to put into evidence such documents in proving its case; and

c. No party to whom the documents are disclosed, prior to trial or any other orders of this Court, shall disclose same to anyone else other than the

parties and their insurers or such experts as they deem appropriate to assist them in analyzing the materials; and

d. Any defendant to whom such records are disclosed or any person to whom a defendant discloses such record shall be required to provide such person with a copy of this order, and orally and in writing instruct said person that they may not disclose the records to anyone else; and

e. It is agreed that defendants' counsel, their clients, and their insurers will not directly or indirectly contact Mr. Gianquinto and/or his counsel regarding the workers' compensation case involving Mr. Gianquinto unless and until a subsequent Court order permitting them to do so is entered.

WHEREFORE, the above is ORDERED.

_____
The Honorable William I. Garfinkel
U.S. Magistrate Judge
U.S. District Court for the
District of Connecticut